## IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 13 |
| JULIA R. WILLIAMS, | ) | |
| | ) | Number 12-42481-EJC |
| *Debtor.* | ) | |
| | ) | |

## ORDER DENYING APPLICATION FOR UNCLAIMED FUNDS

Before the Court is the Application for Unclaimed Funds filed by Marquette Porter, Owner of Spring Solutions, LLC. (Dckt. 49). The unclaimed funds at issue were originally paid to a creditor of Julia R. Williams, the Debtor in this Chapter 13 case. In the application and its supporting documentation, Porter asserts that she is entitled to the funds pursuant to an assignment of interest executed by the Debtor, who is supposedly entitled to the funds under state law. For the reasons set forth below, the Court will deny the application without prejudice.

The Debtor filed this Chapter 13 case on December 28, 2012. (Dckt. 1). On January 9, 2013, a proof of claim in the amount of $3,324.72 was filed by creditor LVNV Funding, LLC AAO Washington Mutual Bank ("LVNV"). (Claim No. 4). The claim was secured pursuant to an attached writ of fieri facias entered by the Magistrate Court of Chatham County, Georgia, against the Debtor in connection

1

with a judgment entered on May 14, 2009. (Claim 4-1, p. 2). The proof of claim

stated that notices should be sent to the law firm Frederick J. Hanna & Associates,

P.C. (Claim 4-1, p. 1).

The Debtor's plan proposed to avoid the lien of LVNV pursuant to 11 U.S.C.

§ 522(f), leaving LVNV's claim unsecured.[1] (Dckt. 4, p. 2). On April 3, 2013, the

Debtor's plan was confirmed. (Dckt. 34). Nearly five years later, on February 26,

2018, the Chapter 13 Trustee filed a notice indicating that the Debtor completed all

payments under the confirmed plan. (Dckt. 43). The Debtor received a discharge on

April 30, 2018. (Dckt. 45). On May 23, 2018, the Chapter 13 Trustee entered his

Final Report and Account. (Dckt. 47). Pertinent to the instant Application for

Unclaimed Funds, the Chapter 13 Trustee indicated that $3,324.72 had been paid to

unsecured creditor Frederick J. Hanna & Associates.[2] (Dckt. 47, p. 2). The

bankruptcy case was closed on June 25, 2018. (Dckt. 48). Apparently, the Chapter

---

[1] The Bankruptcy Code permits a debtor to avoid judicial liens to the extent that they impair the debtor's ability to exempt property. *See* 11 U.S.C. § 522(f)(1)(A); *Owen v. Owen*, 500 U.S. 305, 309 (1991); *Lehman v. VisionSpan, Inc. (In re Lehman)*, 205 F.3d 1255, 1256 (11th Cir. 2000). A judicial lien impairs an exemption "to the extent that the sum of–(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property . . . exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. §522(f)(2)(A).

[2] This appears to be an error on the part of the Chapter 13 Trustee. As noted above, the proof of claim identified the creditor as LVNV Funding, LLC AAO Washington Mutual Bank, not Frederick J. Hanna & Associates, P.C. (Claim No. 4).

2

13 Trustee's check or checks to the creditor[3] were not cashed within 90 days as required by 11 U.S.C. § 347(a), and the $3,324.72 was deposited by the Trustee with the Court as unclaimed funds.

On December 4, 2020, the instant Application for Unclaimed Funds, along with supporting documentation, was filed as to the $3,324.72. (Dckt. 49, 50). The application indicates that "Marquette Porter, Owner of Spring Solutions, LLC Assignee to Julia R. Williams" is both the applicant and the claimant.[4] Porter alleges that the Debtor became entitled to receive the $3,324.72 in unclaimed funds on May 14, 2016, because "the judgment [of May 14, 2009] was enforceable for seven years and is currently expired and unenforceable" pursuant to O.C.G.A. § 9-12-60. (Dckt. 50, p. 3). She further alleges that "Frederick J. Hanna & Associates, P.C. was dissolved on September 7, 2018[.]" (Dckt. 50, p. 3). On November 16, 2020, the Debtor assigned her interest in the unclaimed funds to Porter. (Dckt. 50, pp. 13-14). Based on these allegations, Porter asserts that she is entitled to receive the $3,324.72 in unclaimed funds.

Section 347(a) of the Bankruptcy Code states that "[n]inety days after the final distribution" in a Chapter 13 case, "the trustee shall stop payment on any check

---

[3] It is not clear whether this check was made payable to Frederick J. Hanna & Associates, P.C., or to LVNV.

[4] As indicated by Form 1340 ("Application for Unclaimed Funds"), the claimant is the party entitled to the unclaimed funds. The applicant is the party filing the application. The applicant and claimant may be, but are not required to be, the same person or entity.

remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." 11 U.S.C. § 347(a). Chapter 129 of Title 28 governs the disposition of funds that have been deposited under § 347(a). Section 2041, "Deposit of moneys in pending or adjudicated cases," provides as follows:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

28 U.S.C. § 2041. The statute also provides for the withdrawal of such funds:

> No money deposited under section 2041 of this title shall be withdrawn except by order of court.
>
> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. § 2042. In short, "[u]nder 28 U.S.C. §§ 2041 and 2042, the funds must remain in the court registry until their 'rightful owner' with 'full proof' of entitlement comes to claim them. If, after five years, the funds still remain unclaimed in the court registry, then they must be turned over to the United States Treasury."

4

*In re Pena*, 600 B.R. 415, 421 (B.A.P. 9th Cir. 2019). "Thereafter, a creditor entitled to any of the funds may file a claim with the bankruptcy court, and if the claim is approved, the Treasury Department issues a check to the creditor in the principal amount of his or her distributive share." *Leider v. U.S.*, 301 F.3d 1290, 1293 (Fed. Cir. 2002).

To withdraw funds held under these statutes, a claimant must (1) file a petition; (2) provide notice of the petition to the United States attorney; and (3) show that the claimant is entitled to such money by providing full proof of the right thereto. *In re Bradford Prod., Inc.*, 375 B.R. 356, 358-59 (Bankr. E.D. Mich. 2007). "The bankruptcy court has a duty to ensure that unclaimed funds are disbursed to the proper party." *In re Rodriguez*, 488 B.R. 675, 678 (Bankr. E.D. Cal. 2013) (quoting *In re Pena*, 456 B.R. 451, 453 (Bankr. E.D. Cal. 2011)). "Therefore, the burden rests on the applicant to prove that it is presently entitled to the unclaimed funds sought." *Id.* (quoting *Pena*, 456 B.R. at 453). *See also In re Dubose*, 555 B.R. 41, 44 (Bankr. M.D. Ala. 2016) (quoting *In re Scott*, 346 B.R. 557, 559 (Bankr. N.D. Ga. 2006)) (claimant "must affirmatively show that it has a 'present entitlement to the unclaimed funds sought'").

Here, Porter has failed to satisfy this burden. As the Debtor's assignee, her claim to the funds is dependent on the Debtor's claim, but she has not shown that the Debtor is presently entitled to the unclaimed funds. She asserts that the judgment

5

entered by the Magistrate Court of Chatham County on May 14, 2009, became

unenforceable on May 14, 2016. In support of this argument, she cites O.C.G.A. §

9-12-60, which states that "[a] judgment shall become dormant and shall not be

enforced . . . [w]hen seven years shall elapse after the rendition of the judgment

before execution is issued thereon and is entered on the general execution docket of

the county in which the judgment was rendered[.]" O.C.G.A. § 9-12-60(a).[5]

But expiration of the limitations period does not mean that the Debtor is

entitled to the unclaimed funds. The Supreme Court of the United States has

explained that under the law of many States, "a creditor has the right to payment of

a debt even after the limitations period has expired." *Midland Funding, LLC v.*

*Johnson*, 137 S. Ct. 1407, 1411-12 (2017). Rather, "the unenforceable claim is

nonetheless a 'right to payment,' hence a 'claim,' as the [Bankruptcy] Code uses

those terms." *Id.* at 1412. Although Georgia was not one of the States explicitly

referenced in *Midland Funding*, under Georgia law it is likewise true that the passage

of time extinguishes only the remedy, not the right to payment. *See Lane v. Newton*,

145 Ga. 810 (1916) ("A debt, although an action to recover it may be barred by the

statute of limitations, is not extinguished."); *Hawes v. Shuman*, 125 Ga. App. 117,

---

[5] A separate statutory provision states that "[w]hen any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." O.C.G.A. § 9-12-61. Together, these two statutes operate as a ten-year statute of limitations for the enforcement of Georgia judgments. *Automotive Credit Corp. v. White*, 344 Ga. App. 321, 323 (2018). *See also* Stuart Finestone, *Georgia Post-Judgment Collection* §§ 14:1 & 14:2 (5th ed. 2020).

118 (1971) (tax statute of limitation "operates only to bar the remedy, not to extinguish the tax debt itself . . . It is axiomatic that a person who pays a debt after the running of the statute of limitation has expired cannot sue to recover it back because of this fact."); *Martin v. Mayer*, 63 Ga. App. 387, 11 S.E.2d 218, 227 (1940) ("Although an action to recover a debt may be barred by the statute of limitations, the debt is not extinguished thereby. The limitation laws act only upon remedies, and do not extinguish rights."). Thus, while the debt may be unenforceable under O.C.G.A. § 9-12-60, it does not follow that the Debtor is entitled to the unclaimed funds totaling $3,324.72. The Court therefore **DENIES WITHOUT PREJUDICE** the Application for Unclaimed Funds. (Dckt. 49).

Dated at Savannah, Georgia, this 21st day of January, 2021.

Edward J. Coleman, III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia